IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2019-C49, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-C49,<br><br>Plaintiff,<br><br>v.<br><br>659 BROADWAY RETAIL OWNER LLC,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 1:22-cv-00435<br><br>Leasehold Interest<br>659 Broadway<br>a/k/a 77 Bleecker Street<br>New York, New York<br>Section: Manhattan<br>Block: 532; Lot: 20 |

**[PROPOSED] STIPULATED JUDGMENT OF FORECLOSURE AND SALE**

It is hereby STIPULATED AND AGREED by and between plaintiff, Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Wells Fargo Commercial Mortgage Trust 2019-C49, Commercial Mortgage Pass-Through Certificates, Series 2019-C49 ("Plaintiff"), and defendant, 659 Broadway Retail Owner LLC ("Defendant" or "Borrower"), as follows:

WHEREAS, on or about December 20, 2018, Borrower borrowed from Plaintiff's predecessor-in-interest the principal sum of $5,800,000.00 (the "Loan"), as evidenced by, among other things, the Promissory Note dated December 20, 2018, in the principal amount of $5,800,000.00 (the "Note"), and the Loan Agreement dated as of December 20, 2018 (the "Loan Agreement"), and secured by the Leasehold Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement dated as of December 20, 2018 (the "Mortgage") (the Note, the Loan Agreement, the Mortgage, and all other documents evidencing, securing, guarantying, and/or

executed in connection with the Loan being collectively referred to herein, and further defined in the Loan Agreement, as the "Loan Documents");

WHEREAS, the Loan is secured by Borrower's leasehold interest and other property located at 659 Broadway in the City of New York (Block: 532; Lot: 20) (the "Property");

WHEREAS, on January 18, 2022, Plaintiff commenced this *in rem* action seeking judgment in mortgage foreclosure in its favor and against Borrower with respect to the subject leasehold and other property owned by Borrower;

WHEREAS, on June 14, 2023, Plaintiff filed a motion seeking summary judgment of mortgage foreclosure and sale in the amount of $8,144,361.82, with interest thereon in the amount of $1,609.50 per diem from May 25, 2023, until the date of entry of this judgment, and certain additional sums;

WHEREAS, on July 12, 2023, Borrower filed a limited objection to Plaintiff's summary judgment motion acknowledging liability but contesting certain amounts claimed by Plaintiff;

WHEREAS, to avoid the time, expense and uncertainty associated with further proceedings on the issue of damages, the parties have agreed to a compromise on the amount of the judgment of foreclosure and sale;

NOW, THEREFORE, the undersigned parties, intending to be legally bound, STIPULATE AND AGREE, and the Court ORDERS, that it is:

ORDERED, ADJUDGED AND DECREED that Judgment of Foreclosure and Sale is entered against Defendant and Defendant's leasehold interest and other property located at 659 Broadway in the City of New York (Block: 532; Lot: 20) (the "Property") in the amount of

$7,936,861.82, with interest thereon in the amount of $1,609.50 per diem from May 25, 2023, until the date of entry of this judgment, and additional sums as set forth below; and it is further

ORDERED, ADJUDGED AND DECREED that the Property be sold as provided by New York Real Property Actions and Proceedings Law ("RPAPL") within ninety (90) days of the date of this Judgment, by and under the direction of _____, who is hereby appointed referee for that purpose (the "Referee"), in one parcel at public auction to be held on the front steps of the Daniel Patrick Moynihan U.S. Courthouse, at 500 Pearl Street, New York, New York 10007, and that the Referee shall give public notice of the time and place of sale in accordance with RPAPL § 231; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge of the Supreme Court of New York, 22 NYCRR § 36.0 *et seq.* (the "Rules"), including but not limited to § 36.2(c) ("Disqualifications from appointment") and § 36.2(d) ("Limitations on appointments based upon compensation"); and if the Referee is disqualified from receiving an appointment pursuant to the provisions of the Rules, the Referee shall immediately notify this Court; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with the Rules; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assigns, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within ninety (90) days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of the sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that said Referee shall accept the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the Property and pay to the Referee in cash or certified or bank check ten percent (10%) of the sum bid, unless such successful bidder is the Plaintiff, in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that in the event that the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the Property or fails to immediately pay the ten percent (10%) deposit as required, the Property shall immediately on the same day be re-offered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further

ORDERED, ADJUDGED AND DECREED that after the Property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the Terms of Sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the Property back on the market for sale or other occupancy: (a) within one hundred and eighty (180) days of the execution of the deed of sale, or (b) within ninety (90) days of completion of construction, renovation, or rehabilitation of the Property, provided that such construction, renovation, or rehabilitation proceed diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause, and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the Property at the time of the sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in an FDIC-insured bank of the Referee's choice within the County of New York and shall thereafter make the following payments in accordance with RPAPL § 1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale in accordance with CPLR 8003(b), not to exceed $750.00 unless the Property sells for $50,000.00 or more, and in the event that the sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, sewer rents, water rates that are liens upon the Property and monies necessary to redeem the Property from any sales for unpaid taxes,

assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL § 1354(2).  Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale.  The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment.  The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and advertising expenses as shown on bills presented and certified by the Referee to be correct, duplicate copies of which shall be annexed to the Report of Sale;

FOURTH:   The Referee shall pay to Plaintiff or its attorneys the sum of $7,936,861.82, with interest thereon in the amount of $1,609.50 per diem from May 25, 2023, until the date of entry of this judgment, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, reasonable attorneys' fees, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consumption of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest pursuant to the note and mortgage and then with interest from the date of entry of this judgment at the statutory rate until the deed is transferred:

FIFTH: Surplus monies arising from the sale shall be paid into court by the Referee within five (5) days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding surplus monies; and it is further

ORDERED, ADJUDGED AND DECREED that if Plaintiff is the purchaser of the Property, or in the event that the rights of the purchasers at such sale and the Terms of Sale under this judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof is

filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff or its assignee a deed for the Property upon payment to said Referee of the amounts specified in items marked "FIRST," "SECOND," and "THIRD" above; that the Referee shall allow Plaintiff to pay the amounts specified in "SECOND" and "THIRD" above when recording the deed, that the balance of the bid, after deducting the amounts paid by Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "FOURTH" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "FIFTH" above, and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the Property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

ORDERED, ADJUDGED AND DECREED that the Property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the Property would disclose; any facts an accurate survey of the Property would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, any building and zoning ordinances of the municipality in which the Property is located and possible violations of same, any rights of tenants or persons in possession of the Property, prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the Property within one hundred and twenty (120) days from the date of sale; any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

DMEAST #45237226 v1

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the Property upon production in hand of the Referee's deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that Defendant in this action and all persons claiming through them and any person obtaining an interest in the Property after filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, interest in the Property after the sale of the mortgaged Property and it is further

ORDERED, ADJUDGED AND DECREED that within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the Referee shall file with the Clerk of Court a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding the handling of surplus monies, and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the Terms of Sale the Referee may place the Property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application, and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff shall serve a copy of this judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein, and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL § 1307 and RPAPL § 1308 to secure and

maintain the Property until such time as ownership of the Property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance, Plaintiff shall file a written report with the Court within six (6) months from the date of entry of this judgment stating whether a sale has occurred and the outcome.

> WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of the registered holders of Wells Fargo Commercial Mortgage Trust 2019-C49, Commercial Mortgage Pass-Through Certificates, Series 2019-C49
>
> By: */s/ Raymond A. Quaglia*
> Raymond A. Quaglia, Esquire
> BALLARD SPAHR LLP
> 1675 Broadway, 19th Floor
> New York, NY 10019-5820
> (646) 346-8048
> quaglia@ballardspahr.com
>
> Counsel for Plaintiff

[*SIGNATURES CONTINUED ON FOLLOWING PAGE*]

659 BROADWAY RETAIL OWNER LLC,
a Delaware limited liability company


By: */s/ Robert A. Abrams*
    Robert A. Abrams, Esquire
    KATSKY KORINS LLP
    605 Third Avenue
    New York, NY  10158
    (212) 953-6000
    rabrams@katskykorins.com

    Counsel for Defendant


**APPROVED AND SO ORDERED**,
this 26th day of July, 2023


BY THE COURT:

_____
Hon. Ronnie Abrams
U.S. District Judge